## IN THE INTEREST OF: W. and M.

### Case No. 89-15397 FJ 05

Eleventh Judicial Circuit, Dade County

May 10, 1989

### OPINION OF THE COURT

STEVE LEVINE, Acting Circuit Judge.

#### *ORDER DISMISSING PETITION*

This Cause came before the Court on April 28, 1989 upon the parents' Motion to Dismiss the Dependency Petition.

On April 17, 1989, the Department of Health and Rehabilitative Services (hereinafter HRS) filed a Detention Petition alleging that the mother of the children has a drug problem that puts the children at risk and that she physically abused one of the children. The Court, upon HRS recommendation, released the children to their father, who does not reside with the mother.

On April 28, 1989, HRS filed a Petition for Dependency which only contained allegations against the mother. There were no allegations of abuse, neglect, or abandonment as to the father. Information presented

at the arraignment revealed that the father took the children into his home as soon as he was notified that they were in need of assistance. There was no indication that the father had prior knowledge of the mother's alleged drug problems or inability to care for the children.

The Court decides, upon these facts, that the State may not proceed with a dependency action against only one parent. Florida Statutes, Section 39.01(10) defines a dependent child as a child found by the Court "[t]o have been abandoned, abused, or neglected by his parents or other custodians." The statutory language clearly requires that both parents, or all custodians, must have abused, neglected, or abandoned a child before the Court may find the child dependent. Attorney General Opinion 058-138 (April 23, 1958). As long as there is another parent ready, willing, and able to provide a suitable home and proper supervision, the child is not dependent. It is not significant in this case that HRS was the agency placing the child with the father or that the children were in brief state custody. The father took custody of the children as soon as he knew of the situation, and he expressed his willingness and ability to protect the children.

The State is concerned that without the intervention of the juvenile justice system, the mother will not seek drug treatment, and she will not be a proper parent again for the children. The Court shares this concern, and recognizes that it is better for children to be raised by two able parents rather than one. The State, however, does not have the statutory authority or the resources to intervene with a dependency action when one parent remains a willing and fit caretaker for the children. As long as the father provides a safe environment for the children, a dependency action against just the mother is unnecessary. The goals established by the legislature in Florida Statute, Section 39.002 are satisfied, e.g., a permanent and stable home, a safe environment, adequate shelter, food and clothing, and protection for the children. The State cannot mandate two parent households.

Serious privacy interests are also implicated if the State is permitted to proceed with a dependency action against a fit father based only on the problems of the mother. The father and children, in this case, have the right to be free from governmental intrusion into their private life as long as the children are free from abuse, neglect, or abandonment. Florida Constitution, Article I, Section 23; See Public Health Trust of Dade County v Wons, 14 FLW 112 (Fla. S.Ct., 03/06/89). The mother, however, may still be held accountable through criminal or involuntary commitment proceedings that relate directly to her.

Accordingly, the Petition for Dependency filed in this Cause is hereby Dismissed.

DONE and ORDERED in Miami, Dade County, Florida, this 10th day of May, 1989.